Eric S. Rossman, ISB # 4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Chad M. Nicholson, ISB #7506
cnicholson@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho  83702
Telephone:  (208) 331-2030
Facsimile:  (208) 342-2170

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WANDA G. DaPRON; RORY KELLY; JASON KELLY; SHERRY L. KELLY; SHERE DILLON; and ANGIE DaPRON; <br><br> Plaintiffs, <br><br> -vs- <br><br> JOSEPH M. VERSKA, M.D.; SPINE INSTITUTE OF IDAHO, P.A., an Idaho corporation; JOHN M. LIVINGSTON, M.D.; and TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, dba Treasure Valley Hospital; and THEKEN SPINE LLC, an Ohio limited liability company, <br><br> Defendants. | **CASE NO. 1:12-cv-00246** <br><br> **MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER** |

**MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER - 1**

COME NOW, the Plaintiffs, by and through their counsel of record, Eric S. Rossman, of the law firm of Rossman Law Group, PLLC, and hereby submit this Memorandum in Opposition to Defendant Theken Spine LLC's Motion for Protective Order.

## I.  INTRODUCTION

Plaintiffs Wanda G. DaPron, Rory Kelly, Jason Kelly, Sherry L. Kelly, Shere Dillon and Angie DaPron ("Plaintiffs") have brought claims of negligence against Defendants Joseph M. Verska, M.D. ("Verska"), John M. Livingston ("Livingston"), Treasure Valley Hospital Limited Partnership ("TVH"), and Theken Spine, LLC ("Theken Spine"); claims of vicarious liability against Defendants Spine Institute of Idaho, P.A. ("Spine Institute") and TVH; negligent credentialing against TVH; a claim of product liability against Theken Spine; and a claim of negligent infliction of emotional distress against all Defendants.

On May 17, 2012, Theken Spine removed this case to federal court and filed a motion for judgment on the pleadings.  The basis for both the removal and the motion for judgment on the pleadings is that Plaintiffs' claims, as set forth in the Second Amended Complaint, are expressly and/or impliedly preempted by the Medical Device Amendments Act ("MDA"), specifically 21 U.S.C. § 360(k) which provides that no State may establish any requirement for any medical device which is different from, or in addition to, the regulations set forth by the FDA for medical devices.  In June, 2012, Plaintiffs filed a Motion for Leave to File Third Amended Complaint (Docket No. 13) which clarified the allegations against Theken Spine.  Plaintiffs have also filed a motion to remand the case for lack of federal jurisdiction.  All of these motions are still pending before this Court.

On July 12, 2012, Plaintiffs served interrogatories, requests for production, and requests for admission on Theken Spine.  On August 24, 2012, Theken Spine filed this present motion for protective order seeking an order from this Court allowing them to refuse to respond to discovery requests until the pending motion for judgment on the pleadings is resolved.  Plaintiffs hereby object to this motion on the grounds that there is no basis for staying discovery as this case will not be resolved by the motion for judgment on the pleadings and Theken Spine's motion is nothing more than an unnecessary delaying tactic.

## II.  ARGUMENT

### A.      *A Protective Order is not Justified in this Case.*

Theken Spine's sole basis for the Motion for Protective Order is that no discovery should be taken because of the pending motion for judgment on the pleadings.  In support of this position, Theken Spine cites to cases in which appellate courts have approved of stays of discovery pending motions to dismiss or pending other issues that may decide the entire case.  *See* Memorandum in Support of Motion for Protective Order, p. 5 (Docket No. 34-1).

Plaintiffs do not dispute the Court's discretion to grant a stay of discovery and to otherwise manage discovery in the course of litigation.  However, there is no justification for such a stay in this case.  As the Court is well aware, Plaintiffs have filed a motion to amend the complaint to clarify the claims against Theken Spine.  Thus, even if the motion for judgment on the pleadings is granted, Theken Spine is highly unlikely to be fully dismissed from the litigation.  Furthermore, as was fully briefed within the Opposition to the Motion for Judgment on the Pleadings, there is a narrow exception to the immunity Theken Spine

**MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER - 3**

seeks to use to bar Plaintiffs' claims. The discovery sought by Plaintiffs is absolutely necessary to obtain the information necessary to properly plead any claims that might fall within the immunity provisions of the MDA. In effect, Theken Spine has argued that Plaintiffs have not met the requirements of the exception to the immunity provision and, concurrently, seeks to prevent Plaintiffs from obtaining the discovery necessary to meet that exception. That position is both unjust and unsupported by case law.

The cases cited by Theken Spine dealt with situations where granting the motion to dismiss would eliminate the entire case. Even if the motion for judgment on the pleadings is granted, the entire case will not be dismissed. The information sought would still be discoverable by subpoena even if Theken Spine were not a party to the case because it relates to the use of certain instrumentation by Dr. Verska during the course of the surgery. Furthermore, this case is still within the statute of limitations and nothing would prevent the Plaintiffs from bringing additional claims against Theken Spine based upon the discovery sought in this case.

Theken Spine cites to *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981) in support of its argument. However, *Wood* upheld the stay of discovery because the court was "convinced" that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood*, 644 F.2d at 801 (citing *B.R.S. Land Investors v. U.S.*, 596 F.2d 353 (9th Cir. 1979)). Based upon Plaintiffs' Motion for Leave to File Third Amended Complaint, this Court cannot say that there is no possibility of the Plaintiffs stating a claim upon which relief can be granted. Furthermore, the Ninth Circuit has recognized that discovery is appropriate where there are factual issues to be resolved. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th

Cir. 1984).  In this case, there are factual issues to be resolved regarding exactly what happened with the cage and instrumentation during the surgery.  As such discovery is appropriate in this matter even in light of the pending motion for judgment on the pleadings.

> **B.      Theken Spine's Motion for Protective Order Does not Meet the Requirements of Rule 25(c).**

Theken Spine asserts that it has demonstrated good cause for issuance of a temporary Protective Order because Plaintiffs' propounded discovery focuses, almost exclusively, on the cage sold by Theken Spine.  However, a review of the discovery demonstrates that this is incorrect.  The discovery includes interrogatories related solely to the inserter.  *See* Exhibit "B" to the Affidavit of Andrea J. Rosholt in Support of Motion for Protective Order.  Furthermore, although Theken Spine argues that because the motion for judgment on the pleadings is based upon allegations relating to the cage, the decisive issue is whether preemption applies and no discovery is necessary, this ignores the factual realities of the allegations and the discovery.

The allegations in the Second Amended Complaint upon which Theken Spine has based its motion for judgment on the pleadings relate to design defects in the cage.  The discovery propounded to Theken Spine is not related to any kind of design defects that might be subject to preemption.  Rather, the discovery relates to Theken Spine's knowledge that the Titanium LPod VBR cage was being used as an interbody device in posterior lumbar interbody fusion surgeries, whether the Titanium LPod system was approved by the FDA for use as an interbody device, and, ultimately, whether Theken Spine was knowingly marketing and/or approving of the use of the Titanium LPod system as an interbody device when it had never been approved by the FDA for such use.  None of these issues are part of the

**MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER - 5**

allegations of the Second Amended Complaint for which Theken Spine seeks preemption. Rather, these issues have come to Plaintiffs' attention through the discovery process, namely the deposition of Danielle Becker.

The entire purpose of discovery is to allow the parties to obtain information relating to the case.  It is hardly uncommon for additional claims to be discovered during the course of litigation and discovery.  That is precisely what has occurred here.  Whether the motion for judgment on the pleadings is granted or not, Theken Spine will remain a party to this action, the case will continue, and therefore, there is no basis for allowing Theken Spine to avoid its obligation to respond to discovery in this matter.

Theken Spine also asserts that the proposed Third Amended Complaint supports their motion for protective order because it removes any reference to the cage and focuses upon the inserter.  As was set forth within the Reply Memorandum in Support of the Motion to Amend, the allegations regarding the cage were removed because, at the time the motion was filed, Plaintiffs had been granted no opportunity to conduct meaningful discovery.  Since that time, Plaintiffs have been able to depose witnesses which brought to light the fact that Dr. Verska was using a cage designed as a vertebral replacement system as an interbody device.  Nothing in any case law cited by Theken Spine supports the idea that Plaintiffs are barred from further amending their complaint based on these new facts.

Theken Spine has cited to *Parrino v. Fhp, Inc.*, 146 F.3d 699 (9th Cir. 1998) for the proposition that a plaintiff waives all claims dismissed with leave to amend by failing to reallege those claims in his amended complaint.  However, a review of *Parrino* demonstrates that the waiver referred to is the waiver of the right to appeal the dismissal of

**MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER - 6**

the claims. *See id.* at 704. Nothing in *Parrino* supports the position that a plaintiff waives all rights to bring any claims related to the same medical object if that object is not mentioned in the amended complaint. Simply put, should Plaintiffs seek to further amend the complaint to plead additional allegations related to the cage, those allegations and claims will be substantially different from the current allegations in the Second Amended Complaint. Nothing in the cases cited by Theken Spine supports the position that Plaintiffs are not allowed to make such amendments based upon further factual discovery. Furthermore, and more importantly, *Parrino* has been overruled. In *Lacey v. Maricopa County*, 2012 U.S. App. LEXIS 18320 (August 29, 2012), the Ninth Circuit expressly overruled the "waiver" rule and has held that "[w]e therefore join our sister circuits and overrule in part the rule found in *Forsyth* and other cases 'that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint.'" *See id.* at *67-68.

Lastly, Theken Spine asserts that the motion seeks to temporarily protect Theken Spine from having to respond to the discovery that is the exact subject of the Motion for Judgment on the Pleadings. Again, this is incorrect. The discovery is not related to design defects that might be subject to preemption. The discovery is related to whether Theken Spine knowingly allowed its device to be used in a manner which was not approved by the FDA. Such claims are not preempted. *See, e.g., Mears v. Marshall*, 944 P.2d 984 (Ct. App. Ore. 1997) (holding that claims against manufacturer for marketing and selling device that did not have approval from the FDA were not preempted). Thus, because the discovery is related to issues outside the preemption issues raised by the Motion for Judgment on the

**MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER - 7**

pleadings, the grant of the motion for judgment on the pleadings will not end the case, and discovery is necessary and proper for Plaintiffs to pursue their litigation, the Motion for Protective order must be denied.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Motion for Protective Order be DENIED.

DATED this ___17th___ day of September, 2012.

ROSSMAN LAW GROUP, PLLC

By _Erica S. Phillips_
for Eric S. Rossman
Attorneys for Plaintiffs

**MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER - 8**

## CERTIFICATE OF SERVICE

I hereby certify that on this _17th_ day of September, 2012, I caused to be served a true and correct copy of the foregoing document by the method indicated below to the following:

| | |
|---|---|
| _____ US Mail<br>_____ Overnight Mail<br>___✓___ Electronic Copy<br>_____ Hand Delivery<br>_____ Facsimile<br>No. 208-344-7077 | Andrew C. Brassey<br>BRASSEY WETHERELL & CRAWFORD, LLP<br>203 W. Main Street<br>Post Office Box 1009<br>Boise, ID  83701-1009 |
| _____ US Mail<br>_____ Overnight Mail<br>___✓___ Electronic Copy<br>_____ Hand Delivery<br>_____ Facsimile<br>No. 208-319-2601 | Christopher C. Burke<br>GREENER BURKE & SHOEMAKER, P.A.<br>950 W. Bannock Street, Suite 900<br>Boise, ID  83702 |
| _____ US Mail<br>_____ Overnight Mail<br>___✓___ Electronic Copy<br>_____ Hand Delivery<br>_____ Facsimile<br>No. 208-577-5101 | Raymond D. Powers<br>Tara L. Martens<br>POWERS TOLMAN, PLLC<br>345 Bobwhite Court, Suite 150<br>Boise, ID  83706 |
| _____ US Mail<br>_____ Overnight Mail<br>___✓___ Electronic Copy<br>_____ Hand Delivery<br>_____ Facsimile<br>No. 208-385-5384 | Stephen R. Thomas<br>MOFFATT, THOMAS, BARRETT, ROCK<br>& FIELDS, CHARTERED<br>101 S. Capitol Blvd., 10th Floor<br>Post Office Box 829<br>Boise, ID  83701 |

_Erica S. Phillips_
for Eric S. Rossman

\\Officeserver\Rossman Law\Documents\Work\D\DaPron, Gerald\Pleadings\MemoOppMotionforProtectiveOrder.doc

**MEMORANDUM IN OPPOSITION TO DEFENDANT THEKEN SPINE LLC'S MOTION FOR PROTECTIVE ORDER - 9**