UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WANDA G. DaPRON; RORY KELLY; JASON KELLY; SHERRY L. KELLY; SHERE DILLON; and ANGIE DaPRON;<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOSEPH M. VERSKA, M.D.; SPINE INSTITUTE OF IDAHO, P.A., an Idaho corporation; JOHN M. LIVINGSTON, M.D.; and TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, dba Treasure Valley Hospital; and THEKEN SPINE LLC, an Ohio limited liability company,<br><br>　　　　　　Defendants. | Case No. 1:12-cv-00246-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This is a medical malpractice and products liability case arising from the death of Gerald DaPron, who died on the operating table after a spine surgeon attempted to implant a device manufactured and sold by Defendant Theken Spine LLC. Following Mr. DaPron's death, his surviving children and stepchildren ("Plaintiffs") filed an action in Idaho state court against the two operating physicians (Joseph Verska M.D. and John

**REPORT AND RECOMMENDATION - 1**

Livingston M.D.), the hospital (Treasure Valley Hospital), and the Spine Institute of Idaho. The Complaint was filed in May of 2011. Plaintiffs thereafter filed two amended complaints in state court. The first amended complaint added Integra Lifesciences as a defendant – the company Plaintiffs believed manufactured the device implanted in Mr. DaPron's spine. When Plaintiffs were made aware that Integra Lifesciences was merely a holding company, Plaintiffs filed a second amended complaint on April 18, 2012, naming Theken Spine LLC ("Theken") as a defendant – the actual manufacturer of the device.

On May 17, 2012, Theken removed the case to federal court without obtaining the consent of any of the other defendants.

Before the Court is Defendant Treasure Valley Hospital's Motion to Remand. (Dkt. 8.)[1] Treasure Valley Hospital (the "Hospital") contends that Theken's removal to federal court was procedurally defective. Specifically, the Hospital asserts that Theken did not obtain the consent of the other defendants in the case before seeking removal and that the failure to do so requires remand. Defendants Joseph Verska and the Spine Institute of Idaho, along with Plaintiffs, have joined the Hospital's motion to remand. (Dkt. 9 and 12.)

---

[1] The Court heard oral arguments on the motion to remand on August 28, 2012. At that time, the Court also heard limited arguments on three additional motions – Defendant Theken Spine's Motion for Judgment on the Pleadings (Dkt. 4); Plaintiffs' Motion for Leave to File Third Amended Complaint (Dkt. 13); and Plaintiffs' Motion to Remand. (Dkt. 15.) Because the Court has determined that Treasure Valley Hospital's motion to remand should be granted, the Court will recommend that the remaining pending motions be transferred along with the case to state court.

**REPORT AND RECOMMENDATION - 2**

It is undisputed that prior to January 6, 2012, the removal statute, 28 U.S.C. § 1446, required the consent of all defendants before a case could be removed to federal court. It is also undisputed that, on December 7, 2011, the President of the United States signed into law the Federal Courts Jurisdiction and Venue Clarification Act, which amended the removal statute, and no longer requires the consent of all defendants prior to removal.[2] Theken contends that, although Plaintiffs' original state complaint was filed before the amendments to the removal statute took effect, the fact that Plaintiffs amended their complaint adding Theken after the amendments makes the amendments applicable in this case.

For the reasons set forth below, the Court concludes that the amendments to the removal statute do not govern this case and that the Hospital's motion to remand should be granted. Based on this finding, the Court will recommend that the case be remanded back to state court.[3]

---

[2] The removal statute currently provides that "only defendants against whom a claim [arising under the Constitution, laws, or treaties of the United States] has been asserted are required to join in or consent to the removal." 28 U.S.C. § 1441(c)(2).

[3] The parties did not address whether the Hospital's motion to remand is dispositive in nature. The Court has determined that it is – the United States Courts of Appeals to have considered the question have held that a magistrate judge lacks the authority to enter an order on a motion to remand to state court because such a motion is functionally equivalent to a motion to dismiss. *See, e.g.*, *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 996 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998).

**REPORT AND RECOMMENDATION - 3**

## DISCUSSION

**1.    Standard for Removal**

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "It is presumed, however, 'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hatcher v. City of Porterville*, 2012 U.S. Dist. LEXIS 16068 * 9-10 (E.D. Cal. 2012) (quoting *Hunter*, 582 F.3d at 1042). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**2.    Theken's Removal was Procedurally Defective**

Title 28 U.S.C. § 1446 prescribes the procedures for removal. Prior to the statute's amendment, the case law established that Section 1446 required all defendants to join in or consent to the removal of an action and that, without unanimous joinder, removal was defective. *See Chi., Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900); *see also*, *Prize Prize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1985) (holding that "[s]ection 1446 requires all proper defendants to join or consent to the removal notice" and that "the failure to adhere to the unanimity rule is dispositive").

On December 7, 2011, the President signed into law the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. No. 112-63. The Act amended Title 28 of the United States Code, including the removal statute. The Act clarifies that

**REPORT AND RECOMMENDATION - 4**

only defendants against whom a claim arising under federal law is asserted are required to consent to removal. In other words, as amended, the removal statute no longer requires unanimity.

The Act, however, makes clear that it is prospective in nature, only applying to lawsuits commended on or after January 6, 2012. Pub. L. No. 112-63, § 205. Section 205 of the Act provides that "[t]he amendments made by this title . . . shall apply to . . . any action that is removed from a State court to a United States district court and that had been commenced, *within the meaning of State law*, on or after such effective date." *Id*. (emphasis added). The effective date of the Act is January 6, 2012.

The question here is whether the amendments to Section 1446 apply in this case. That question turns on whether Plaintiffs' action was "commenced, within the meaning of State law" prior to the amendments taking effect. Based on the discussion below, the Court finds that the action was commenced within the meaning of Idaho law prior to the amendments taking effect. Because the pre-amended removal statute governs this case, Theken's removal was defective and the case should be remanded.

    **A.**    *Relevant dates in this case*

Plaintiffs filed their original complaint in state court on May 26, 2011. Plaintiffs named Joseph Verska M.D., the Spine Institute of Idaho, John Livingston M.D., and Treasure Valley Hospital.

On November 1, 2011, Plaintiffs filed a stipulation to file a first amended complaint. The state court granted Plaintiffs leave to file an amended complaint and

**REPORT AND RECOMMENDATION - 5**

Plaintiffs filed their First Amended Complaint on November 16, 2011. The First Amended Complaint added Integra Lifesciences Holdings Corporation as a named defendant. According to Theken, Integra is a "grandparent" company of Theken, but it was Theken – not Integra – that applied for and received approval from the FDA to market the spinal implant at issue in this case.

On December 7, 2011, the President signed into law the Federal Courts Jurisdiction and Venue Clarification Act of 2011. The Act went into effect on January 6, 2012.

On January 26, 2012, Integra filed an Answer denying that it designed or manufactured the spinal implant device at issue in Plaintiffs' First Amended Complaint.

On April 2, 2012, Plaintiffs filed a stipulation to file a Second Amended Complaint – substituting Theken for Integra. The stipulation was approved on April 13, 2012, and Plaintiffs' Second Amended Complaint was served on Theken on April 18, 2012.

B. *Analysis of the case law*

In response to the Hospital's motion for remand, Theken argues that this action was "commenced" for the purposes of the Federal Courts Jurisdiction and Venue Clarification Act on the date that Plaintiffs sought to amend the complaint adding Theken as a named defendant – April 2, 2012. In support of this argument, Theken cites *Silli v. Meininger*, 2012 WL 1015803 (D. Colo. Mar. 23, 2012), a recent case out of the District of Colorado. However, the court's decision in *Silli* does not support Theken's position.

**REPORT AND RECOMMENDATION - 6**

In *Silli*, the plaintiff filed a complaint in state court against a charter school, the school's chief financial officer, and its human resources director. The complaint was filed on October 11, 2011, and asserted state law claims against the defendants for wrongful termination. Under Colorado law, the charter school was considered a state agency, and the defendants moved to dismiss the case based upon state agency immunity. In response to the motion to dismiss, on December 9, 2011, the plaintiff moved to amend his complaint, keeping the school as a defendant, but raising federal claims under 42 U.S.C. § 1983. The plaintiff's motion was granted on December 15, 2011, but the plaintiff did not file his amended complaint until January 24, 2012.

The defendants in *Silli* removed the case to federal court on February 2, 2012. The plaintiff filed a motion to remand the case based on the argument that the defendants had failed to timely file their notice of removal under pre-amendment Section 1446. The question before the court was whether the amendments to the removal statute applied. In addressing the issue, the court framed the issue as follows: "whether, under Colorado law, this action 'commenced' before January 6, 2012." 2012 WL 1015803 *3.

The plaintiff in *Silli* argued that the action commenced in October 2011, when he filed his original complaint. The defendants contended that the action commenced when the plaintiff filed his amended complaint, which occurred after the amendments to the removal statute took effect. The court analyzed the issue under Colorado law, noting that "the date of an amended complaint supersedes the date of the original pleading unless the amended complaint 'relates back' to the original complaint." *Id*. at *10. "Thus . . . unless

**REPORT AND RECOMMENDATION - 7**

the amended complaint relates back to the original complaint, this action 'commenced' [on the date the amended complaint was filed]." *Id.* at \*11. Applying Colorado's relation back rule, the district court determined that the plaintiff's complaint did not relate back. In reaching this conclusion, the court focused on the plaintiff's reason for the amendment, which was clearly to get around the immunity afforded to state agencies. Because the complaint did not relate back, the court found that the amendments to the removal statute applied and that the defendants notice of removal was not procedurally defective.

Although the Court finds the reasoning in the *Silli* case is sound, it requires a different outcome in this case. In Idaho, whether an amended complaint relates back to an earlier complaint is governed by Idaho Rule of Civil Procedure 15(c). Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Idaho R. Civ. P. 15(c).

**REPORT AND RECOMMENDATION - 8**

The Idaho relation back rule ordinarily applies where an amended complaint naming a new defendant is filed after the applicable statute of limitations has expired and the plaintiff requests that the amended complaint relate back to an earlier filed complaint to avoid the time bar. As the court noted in *Silli*, "relation back is implicated here – albeit under non-traditional circumstances . . . because the motion requires [the court] to mark the date this action commenced when an original and amended complaint exist." 2012 WL 1015803 at *4.

Here, all the requirements of Idaho R. Civ. P. 15(c) are met. Plaintiffs' Second Amended Complaint arose out of the same conduct, transaction, or occurrence alleged in the earlier amended complaint. The stipulation to file the Second Amended Complaint bears this out, and indicates that "Plaintiffs will issue Second Amended Complaint no later than two weeks following issues [sic] of an Order approving this Stipulation, substituting Theken Spine LLC for Integra LefeSciences Holdings Corporation, but otherwise identical to the [First] Amended Complaint."

The second requirement of Rule 15(c) likewise is satisfied; Theken was served with the Second Amended Complaint before the statute of limitations expired.

Finally, the Hospital argues that, given the relationship between Integra and Theken, the Court should find that the third requirement of Rule 15(c) has been satisfied – Theken knew or should have known that, but for mistake concerning the identity of the proper party, the action would have been brought against Theken rather than Integra. The Court agrees. "One of the factors which the courts have developed in determining

**REPORT AND RECOMMENDATION - 9**

whether the new defendant has received such notice of the institution of the lawsuit under the Rule that the amendment may relate back is termed the 'identity of interest' concept." Am. Jur. 2d *Pleading* § 814 (citing *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498 (9th Cir. 1994). "This concept provides that the institution of the action serves as constructive notice of the action . . . when the original and added parties are so closely related in business or other activities that it is fair to presume that the added parties learned of the institution of the action shortly after it was commenced." *Id*. Under this doctrine, courts have allowed relation back where the original defendant and the added defendant were parent and subsidiary. *See, e.g., Goodman v. PraxAir, Inc.*, 494 F.3d 458, 473-74 (4th Cir. 2007); *Silva v. American Home Assurance Co.*, 36 Fed. R. Serv. 2d 1090 (S.D.N.Y. 1982).

The relationship between Integra and Theken is also supported by the parties' Stipulation for Substitution of Theken Spine LLC for Defendant Integra LifeSciences Holding Corporation, in which Integra's attorney stated that "[p]resent counsel of record for Integra will accept service of the Second Amended Complaint . . . [and] [p]resent stipulations and orders of record, to which Integra LifeSciences Holdings Corporation was a party, bind Theken Spine LLC as if it had been a party at that time." (Dkt. 25 at 14.) Counsel for Integra at the time the above stipulation was filed in state court is now counsel of record for Theken.

Theken cites the Idaho Supreme Court's decision in *Terra-West, Inc. v. Idaho Mutual Trust, LLC*, 247 P.3d 620 (Idaho 2011), for the proposition that an action

**REPORT AND RECOMMENDATION - 10**

"commences" under Idaho law at the time a motion for leave to amend is filed. In that case, a construction company recorded two liens against certain property because the company had not been fully paid for its work. After the work was completed, the construction company filed suit under Idaho's mechanic's lien statute. The defendant in the case moved to dismiss because the first lien was procedurally defective. The construction company then filed a motion for leave to amend the complaint to foreclose the second lien. The defendant opposed the motion for leave to amend because the construction company did not commence proceedings to foreclose the lien within the six month time frame set forth in the mechanic's lien statute. The construction company argued that the amended complaint related back to the original complaint. Applying Idaho Rule of Civil Procedure 15(c), the trial court agreed.

On appeal, the Idaho Supreme Court agreed with the trial court that the amended complaint was not time barred under the mechanic's lien statute, but also held that Rule 15(c) was inapplicable to the situation. The court framed the issue as follows: "Whether a motion for leave to amend a complaint 'commences proceedings' to enforce a mechanic's lien pursuant to Idaho Code section 45-510" (the mechanic's lien statute). 247 P.3d at 622. The court held that the action at issue "commenced" within the meaning of the mechanic's lien statute when the construction company filed its motion for leave to amend.

Theken argues that this Court should apply the Idaho Supreme Court's reasoning from *Terra-West*. That case, however, is inapplicable to this situation for several reasons.

**REPORT AND RECOMMENDATION - 11**

Foremost among these reasons is the fact that, although the *Terra-West* court addressed the issue of when an action "commences," it did so in the specific context of the mechanic's lien statute. The court noted that, in mechanic's lien cases, neither the rules of civil procedure nor the mechanic's lien statute itself contemplates the filing of an amended complaint. The court also premised its decision on the policy underlying the mechanic's lien statute, noting that such claims are to be liberally construed in favor of the lien claimants. Given the language of the *Terra-West* opinion, the Court will not accept Theken's invitation to extend the Idaho Supreme Court's reasoning beyond its limited scope.

The only case cited directly on point from the District of Colorado – *Silli* – suggests that relation back is applicable under the circumstances present in this case. Applying Idaho Rule of Civil Procedure 15(c), the Court finds that Plaintiffs' Second Amended Complaint – naming Theken – relates back to the earlier complaint filed prior to the amendments to the removal statute taking effect.

Plaintiffs filed their First Amended Complaint naming Integra on November 16, 2011. The Second Amended Complaint, substituting Theken in the place of Integra – filed after the amendments to the removal statute took effect – relates back to the November 16, 2011 complaint. Because the November 16 complaint was filed prior to the amendments taking effect, the pre-amendment statute applies and Theken was required to obtain the consent of all the defendants before removing the case to federal court. Given that Theken's removal is defective, the Court will recommend that the case will be

**REPORT AND RECOMMENDATION - 12**

remanded to state court.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY RECOMMENDED that**:

Defendant Treasure Valley Hospital's Motion to Remand, (Dkt. 8), be GRANTED and this action be remanded to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, for all further proceedings.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: September 18, 2012

Honorable Candy W. Dale
Chief United States Magistrate Judge

**REPORT AND RECOMMENDATION - 13**