UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WANDA DaPRON; RORY KELLY; JASON KELLY; SHERRY L. KELLY; SHERE DILLON; and ANGIE DaPRON,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOSEPH M VERSKA, M.D.; SPINE INSTITUTE OF IDAHO, P.A., and Idaho corporation; JOHN M. LIVINGSTON, M.D. and TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, dba Treasure Valley Hospital; and THEKEN SPINE LLC, an Ohio limited liability company,<br><br>    Defendants. | Case No. 1:12-CV-00246-EJL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

The Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. (Dkt. 38.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Objections were filed by Defendant Theken Spine LLC ("Theken"). Responses to the objections were filed by Plaintiffs and Defendant Treasure Valley Hospital Limited Partnership. The matter is now ripe for the Court's consideration.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Where the parties object to a report and recommendation, this Court shall make a de novo determination of those portions of the report which objection is made. *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).  In this case, the objections were filed so the Court is required to conduct a de novo determination of the Report and Recommendation.

## FACTUAL BACKGROUND

The Court adopts the factual background set forth by Judge Dale on pages 1-3:

> This is a medical malpractice and products liability case arising from the death of Gerald DaPron, who died on the operating table after a spine surgeon attempted to implant a device manufactured and sold by Defendant Theken Spine LLC. Following Mr. DaPron's death, his surviving children and stepchildren ("Plaintiffs") filed an action in Idaho state court against the two operating physicians (Joseph Verska M.D. and John Livingston M.D.), the hospital (Treasure Valley Hospital), and the Spine Institute of Idaho. The Complaint was filed in May of 2011. Plaintiffs thereafter filed two amended complaints in state court. The first amended complaint added Integra Lifesciences as a defendant – the company Plaintiffs believed manufactured the device implanted in Mr. DaPron's spine. When Plaintiffs were made aware that Integra Lifesciences was merely a holding company, Plaintiffs filed a second amended complaint on April 18, 2012, naming Theken Spine LLC ("Theken") as a defendant – the actual manufacturer of the device.
>
> On May 17, 2012, Theken removed the case to federal court without obtaining the consent of any of the other defendants.
>
> Before the Court is Defendant Treasure Valley Hospital's Motion to Remand. (Dkt. 8.) Treasure Valley Hospital (the "Hospital") contends that Theken's removal to federal court was procedurally defective. Specifically, the Hospital asserts that Theken did not obtain the consent of the other defendants in the case before seeking removal and that the failure to do so requires remand. Defendants Joseph Verska and the Spine Institute of Idaho, along with Plaintiffs, have joined the Hospital's motion to remand. (Dkt. 9 and 12.)

It is undisputed that prior to January 6, 2012, the removal statute, 28 U.S.C. § 1446, required the consent of all defendants before a case could be removed to federal court. It is also undisputed that, on December 7, 2011, the President of the United States signed into law the Federal Courts Jurisdiction and Venue Clarification Act, which amended the removal statute, and no longer requires the consent of all defendants prior to removal. Theken contends that, although Plaintiffs' original state complaint was filed before the amendments to the removal statute took effect, the fact that Plaintiffs amended their complaint adding Theken after the amendments makes the amendments applicable in this case.

## TIMELINESS OF OBJECTIONS

The first issue is the timeliness of the Theken's objections. The Court finds the objections were timely filed.  The Report and Recommendation was filed on September 18, 2012 and the parties had fourteen (14) days to file objections.  However, Fed. R. Civ.  P. 6(d) adds three days to the filing deadline.  Therefore, the objections filed on October 5, 2012 were timely filed even though the objections were filed on October 5, 2012 (seventeen days after the date of the filing of the Report and Recommendation).

## OBJECTIONS

Judge Dale recommended Defendant Treasure Valley Hospital's motion to remand be granted after determining under Idaho law the Second Amended Complaint adding Theken related back to the filing date of the original pleading so the 2011 amendments to the federal removal statute (which do not require the consent of all other defendants to remove a case to federal court) did not apply to this case.  Because Treasure Valley

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

Hospital did not consent to the removal, Judge Dale determined the removal was defective and the matter should be remanded.

Theken argues the recommendation to remand this action to state court is in error for three reasons: the relation back doctrine does not apply to determining when the action commenced; under Idaho law the action "commenced" when the amended complaint was filed; and the amended complaint invokes a federal question that supports federal jurisdiction over this matter. The Court will address each of these objections.

As to the standard of review for a motion to remand, the Court finds Judge Dale set forth the correct standard on page 4:

> "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "It is presumed, however, 'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hatcher v. City of Porterville*, 2012 U.S. Dist. LEXIS 16068 * 9-10 (E.D. Cal. 2012) (quoting *Hunter*, 582 F.3d at 1042). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As Judge Dale explained on pages 4-5:

> Title 28 U.S.C. § 1446 prescribes the procedures for removal. Prior to the statute's amendment, the case law established that Section 1446 required all defendants to join in or consent to the removal of an action and that, without unanimous joinder, removal was defective. *See Chi., Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900); *see also*, *Prize Prize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1985) (holding that "[s]ection 1446 requires all proper defendants to join or consent to the removal notice" and that "the failure to adhere to the unanimity rule is dispositive").

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**

On December 7, 2011, the President signed into law the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. No. 112-63. The Act amended Title 28 of the United States Code, including the removal statute. The Act clarifies that only defendants against whom a claim arising under federal law is asserted are required to consent to removal. In other words, as amended, the removal statute no longer requires unanimity.

The Act, however, makes clear that it is prospective in nature, only applying to lawsuits commended on or after January 6, 2012. Pub. L. No. 112-63, § 205. Section 205 of the Act provides that "[t]he amendments made by this title . . . shall apply to . . . any action that is removed from a State court to a United States district court and that had been commenced, *within the meaning of State law*, on or after such effective date." *Id*. (emphasis added). The effective date of the Act is January 6, 2012.

On November 1, 2011, Plaintiffs filed a stipulation to file a first amended complaint. The state court granted Plaintiffs leave to file an amended complaint and Plaintiffs filed their First Amended Complaint on November 16, 2011 naming Integra as a defendant. On April 2, 2012, Plaintiffs filed a stipulation to file a Second Amended Complaint – substituting Theken for Integra. The stipulation was approved by the state court on April 13, 2012, and Plaintiffs' Second Amended Complaint was served within the applicable statue of limitations on Theken on April 18, 2012.

The Court finds determinative to the question of whether the removal amendments apply to this case, is the issue of when did the action against Theken "commence" under Idaho law. Theken argues this Court should apply *Terra-West, Inc. v. Idaho Mutual Trust, LLC*, 247 P.3d 620 (Idaho 2011) and find the action "commenced" when the Second Amended Complaint was filed. Judge Dale rejected Theken's broad interpretation of *Terra-West*. This Court agrees the *Terra-West* decision was specifically limited to the

**ORDER ADOPTING REPORT AND RECOMMENDATION - 6**

question of does the filing of a motion to amend the complaint (instead of the date the amended complaint is actually filed) "commence" proceedings under Idaho's Mechanics Lien Statute. The Court finds *Terra-West* should not be extended as Theken argues to hold in all cases with an amended complaint the date an action "commences" is the date either the amended complaint is filed or the date a motion for leave to file or a stipulation to file an amended complaint is filed with the Court. Instead, the Court finds in the case at bar the date this action "commenced" is clearly answered by Idaho's civil rules of procedure.

Idaho Rule of Civil Procedure 3(a) (1) provides "[a] civil action is commenced by the filing of a complaint with the court. . . ." Theken argues the filing of the amended complaint naming it as a defendant was "commenced" when the amended complaint was filed. The Court respectfully disagrees, because in the case of an amended complaint the Idaho Rule of Civil Procedure provide for an different analysis pursuant to Idaho Rule of Civil Procedure 15(c) which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 7**

The claim against Theken is basically the same claim Plaintiffs had brought against Integra.  So the claim arose out of the same conduct, transaction or occurrence set forth in the original pleadings.  But since the amendment changed the party being sued from Integra to Theken, the amendment also had to satisfy the requirements that Theken was given notice of institution of the action as not to be prejudiced in maintaining its defense and that the amendment was caused by a mistake concerning the identity of which company manufactured the medical device alleged to have harmed Gerald DaPron.

The Court agrees with Judge Dale that all requirements of Rule 15(c) have been satisfied and the Second Amended Complaint should relate back to the filing date of the original complaint (or at least the filing date of the First Amended Complaint naming Integra).  Because both these relation back dates would prevent the 2011 amendments to the removal statute from applying, Theken was required to get the consent of *all* defendants for the removal. Theken did not have the consent of Treasure Valley Hospital so the removal was defective.

The Court finds this result is also consistent with the application of *Silli v. Meininger*, 2012 WL 1015803 (D.Colo. Mar. 23, 2012), to the facts of this case as discussed in more detail by Judge Dale.

Theken next argues under *McAtte v. Capital One, F.S.B.*, 479 F.3d 1143 (9th Cir. 2007), the Court must not apply Rule 15's relation back doctrine and must look to the date the amended complaint was filed as the date the action was commenced.  The Court disagrees with Theken's interpretation of *McAtte*.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 8**

*McAtte* confirms that the court must look to "the state law definition of commence for that purpose in an action based on state law." *Id.* at 1146. The difference in *McAtte* was that it was a class action lawsuit based on California law and when the action commenced hinged on whether the Class Action Fairness Act of 2005 ("CAFA") applied to allow the case to be removed to federal court.  The *McAtte* court held that the commencement of an action for purposes of CAFA is determined under the law of the state in which the action is filed.  *Id.* at 1147.  In California, the relation back doctrine did not apply to the determination of when an action is commenced in state court under CAFA.  This Court applies the applicable holdings of *McAtte* and finds Idaho's state law specifically allows relation back to determine when the action against Theken commenced.

Theken makes a final objection based on its argument that claims are not the same as the claims Plaintiff filed against Integra and the Second Amended Complaint invokes a federal question of federal preemption under the Food and Drug Act that allows removal.  The Court respectfully disagrees.  The claims raised against Theken are in essence the same as the claims that were raised against Integra. The fact that Theken may have a defense to Plaintiff's claims that Integra could not have raised does not establish grounds to remove the action to federal court.   Federal jurisdiction is not conferred because a federal law or regulation may be part of a claim or a defense. *Caterpillar Inc. v. Williams*. 482 U.S. 386 (1987).

**ORDER ADOPTING REPORT AND RECOMMENDATION - 9**

## CONCLUSION

The Court has reviewed the Report and Recommendation and the record in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Theken's objections to the Report and Recommendation are denied. The removal by Theken was defective and the matter must be remanded to state court. Furthermore, this Court finds it is the state court that must rule upon the merits of the remaining pending motions, so such motions will be transferred along with the case to back state court.

## ORDER

**IT IS ORDERED:**

1. The Report and Recommendation (Dkt. 38) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety unless otherwise modified by this Order.

2. Defendant Treasure Valley Hospital's Motion to Remand (Dkt. 8) is **GRANTED** and the matter is **REMANDED** to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, for all further proceedings. The Clerk of Court is directed to complete all necessary procedures to effectuate the remand of this matter to state court.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 10**

SO ORDERED.

DATED: **March 11, 2013**

*[signature]*

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 11**